UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JANET PARRY,<br><br>    Plaintiff,<br><br>vs.<br><br>LEHMAN BROTHERS BANK, FSB; STRUCTURED ASSET SECURITIES CORP.; HSBC BANK USA, NA; AURORA LOAN SERVICES LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; LA SALLE BANK, NA; US BANK, NA; WELLS FARGO BANK, NA; LEHMAN BROTHERS HOLDINGS, INC.; AND DOES 1-50,<br><br>    Defendants. | Civil No. 1:11-cv-00573-EJL-REB<br><br>**REPORT AND RECOMMENDATION** |

## I. REPORT

Currently pending before the Court are Defendants' Motion to Dismiss (Docket No. 4) and Motion to Take Judicial Notice (Docket No. 5) – both filed on November 28, 2011. Plaintiff's responses to these motions were due on or before December 22, 2011.

On November 29, 2011, this Court mailed to Plaintiff a *Notice to Pro Se Litigants of the Summary Judgment Rule Requirements*, informing Plaintiff of the nature of Defendants' motions. *See* 11/29/11 Notice (Docket No. 10) ("If the motion is granted, some or all of your claims will be dismissed, and there will be no trial or evidentiary hearing on those claims.").

Not receiving any response to their motions, on January 5, 2012, Defendants filed and served a *Notice of Non-Opposition to Defendants' Motion to Dismiss*, asking that the Court "proceed with ruling on the motion." *See* 1/5/12 Notice (Docket No. 14).

**REPORT AND RECOMMENDATION - 1**

Still not receiving any response to Defendants' motions, on May 2, 2012, this Court ordered Plaintiff to respond to Defendants' Motion to Dismiss on or before May 11, 2012 or risk the dismissal of her claims.  *See* 5/2/11 DEO (Docket No. 15) ("Defendants filed their Motion to Dismiss on November 28, 2011.  Plaintiff's response thereto was due on or before December 22, 2011.  To date, Plaintiff has not responded to Defendants' Motion to Dismiss.  Plaintiff shall respond to Defendants' Motion to Dismiss on or before May 11, 2012; otherwise, Plaintiff's claims may be dismissed.").

Despite these notices, to date, Plaintiff has not responded to Defendants' motions; indeed, Plaintiff has not participated in this action since filing her Emergency Motion to Postpone Foreclosure Sale on or around November 10, 2011 – over eight months ago.  *See* Emergency Mot. to Postpone Foreclosure Sale (Docket No. 2).[1]

District of Idaho Local Civil Rule 41.1 provides that "[a]ny civil case in which no action of record has been taken by the parties for a period of six months will, after sufficient notice, be dismissed by the Court for lack of prosecution."  Dist. Idaho Loc. Civ. R. 41.1; *see also* Fed. R. Civ. P. 41(b); *Royse v. Vasquez*, 899 F.2d 19 (9th Cir. 1990) (upholding dismissal with prejudice for failure to prosecute, after weighing following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.") (unpublished) (internal citations omitted).

---

[1] On November 21, 2011, U.S. District Judge Edward J. Lodge denied Plaintiff's Emergency Motion to Postpone as moot, because "[t]he Motion was received by the Court on November 18, 2011, after said sale was to have occurred."  *See* 11/21/11 Order (Docket No. 3).

**REPORT AND RECOMMENDATION - 2**

Under the circumstances reflected by the instant record, the undersigned believes that this action should be dismissed for failure to prosecute. As to the first two factors identified in *Royse* (*see supra*), Plaintiff's refusal to comply with this Court's orders impeded resolution of the case and prevented the district court from adhering to its scheduled docket. The third factor also lends support because the Defendants were prejudiced by the irremediable costs and burdens imposed upon them. Additionally, the multiple warnings given to Plaintiff sufficed to meet the consideration of alternatives requirement. *See also* Dist. Idaho Loc. Civ. R. 7.1(e)(1) (" . . . if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application."). Finally, the public policy favoring disposition on the merits is not sufficient to outweigh the four other factors. *See Royse*, 899 F.2d 19 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-33 (9th Cir. 1987).

## II. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (Docket No. 1, Atts. 1 & 2) be DISMISSED for lack of prosecution and that the action be terminated. Relatedly, it is FURTHER RECOMMENDED that Defendants' Motion to Dismiss (Docket No. 4) and Motion to Take Judicial Notice (Docket No. 5) be DENIED AS MOOT.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response,

not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."



DATED:  **August 9, 2012**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 4**